CLAUS JOHNSON v. SUSAN M. GUSS ET AL.

FILED JUNE 5, 1894.　No. 4725.

Review: EVIDENCE: INSTRUCTIONS. The only questions arising relating to the sufficiency of the evidence and the applicabilty of certain instructions thereto, it was *held* that the evidence was sufficient to sustain the verdict, and the instructions applicable to the evidence.

ERROR from the district court of Wayne county.　Tried below before POWERS, J.

*Frank Fuller,* for plaintiff in error.

*W. M. Wright* and *A. A. Welch, contra.*

IRVINE, C.

This was an action brought by the defendants in error against the plaintiff in error to recover for corn sold and

delivered by defendants in error to plaintiff in error. There was a verdict for defendants in error for $266.65, from which error is prosecuted.

The question in controversy was as to whether the agreement was to pay for the corn according to the market price on January 1, 1891, or at the market price upon any date to be selected by defendants in error between October, 1890, and January 1, 1891. The day selected by defendants in error for estimating the market price was December 18, on which day the market price was six cents a bushel higher than on January 1 following.

The plaintiff in error contends that the verdict is not sustained by the evidence. We have examined the evidence and find a sharp conflict therein; but two witnesses testify directly in support of the contention of the defendants in error. The credibility of these witnesses was for the jury.

The plaintiff in error also complains of certain instructions, admitting that they state the law correctly, but arguing that they are not applicable to the evidence. They are instructions stating the familiar rules in regard to the preponderance of evidence and the credibility of witnesses, leaving these questions to the jury; and also stating to the jury that the fact that a number of witnesses testified in contradiction of one another did not require the jury to find the evidence evenly balanced, but that the jury had a right to determine from the probability or improbability of the truth of the witnesses' statements, the opportunities of the witnesses of knowing the facts, and from surrounding circumstances, which witnesses were more worthy of credit. The evidence being conflicting, these instructions were strictly applicable.

JUDGMENT AFFIRMED.